1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

8
9
10

11  ROY TUCK,

12                                        Plaintiff,

13  v.

14  ENCORE CAPITOL GROUP, et al.,

15                                       Defendants.

16
17
18
19
20

Case No.:  16cv293-MMA (MDD)

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a);**

[Doc. No. 2]

**DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND COMPLAINT PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)**

21         On January 29, 2016, Plaintiff Roy Tuck, proceeding *pro se*, filed a complaint

22  against Defendants Encore Capital Group, et al. alleging violations of the Telephone

23  Consumer Protection Act, the Fair Debt Collection Practices Act, the Fair Credit

24  Reporting Act, and various state law counterparts.  [Doc. No. 1.]  Plaintiff did not prepay

25  the civil filing fee required by 28 U.S.C. § 1914(a); instead, he moves to proceed *in*

26  *forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  [Doc. No. 2.]

27         All parties instituting any civil action, suit or proceeding in a district court of the

28  United States, except an application for writ of habeas corpus, must pay a filing fee of

$400.  *See* 28 U.S.C. § 1914(a).[1]  An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

The Court has reviewed Plaintiff's affidavit of assets and concludes it sufficiently shows he is unable to pay the fees or post securities required to maintain this action. Plaintiff attests he is unemployed, has no present income, and receives $476 per month in disability social security benefits.  Plaintiff's spouse receives $400 each month in divorce settlement funds.  Plaintiff or his spouse owns a motor vehicle valued at $500.  Plaintiff indicates that he has no money in a checking account and otherwise has no savings, IRA or any other accounts.  Plaintiff represents that he and his spouse have expenses totaling approximately $1800 per month.  Accordingly, Plaintiff's declaration and statement of assets sufficiently shows that he lacks the requisite financial resources to pay the filing fee.  As such, the Court **GRANTS** Plaintiff's motion to proceed IFP.  [Doc. No. 2]

Upon granting a request to proceed IFP, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  As currently pleaded, the Court finds the allegations in Plaintiff's complaint are sufficient to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Accordingly, the Court will direct the U.S. Marshal to effect service on Plaintiff's behalf.  *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be

---

[1]  In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. May 1, 2013).  However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP.  *Id.*

made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

Accordingly, **IT IS HEREBY ORDERED**:

1. The Clerk of Court is **DIRECTED** to issue a summons as to Plaintiff's Complaint upon Defendants and forward it to Plaintiff along with blank U.S. Marshal Form 285s for each named Defendant.  In addition, the Clerk is directed provide Plaintiff with a certified copy of this Order and a certified copy of his Complaint and the summons so that he may serve each named Defendant.  Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package.

2. Upon receipt, the U.S. Marshal is **ORDERED** to serve a copy of the complaint and summons upon the named Defendants as directed by Plaintiff on the USM Form 285s.  All costs of service will be advanced by the United States.  *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

3. Plaintiff must serve upon the Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff must include with the original paper to be filed with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of the document was served on the Defendants, or counsel for Defendants, and the date of that service.  Any paper received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service, may be disregarded.

**IT IS SO ORDERED.**

Dated:  March 23, 2016

Hon. Michael M. Anello
United States District Judge