Roy Tuck
1600 E. Vista Way #85
Vista, CA, 92084
Ph: 760-840-1551

In Pro Se

FILED
JUN 0 8 2016
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY     TH      DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY TUCK, | CASE NO. 3:16-CV-0293-DMS-MDD |
| Plaintiff, | PLAINTIFF ROY TUCK'S OPPOSITION AND RESPONSE TO DEFENDANT CAPITOL ONE BANK (U.S.A.), N.A. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM & MEMORANDUM OF POINTS AND AUTHORITIES |
| vs. | |
| ENCORE CAPITOL GROUP et al. CAPITOL ONE BANK (USA), N.A. ASSOCIATES, LLC a National Association, | |
| Defendant. | Date: August 08, 2016<br>Time: 2:30 p.m.<br>Courtroom: 3A (3rd Floor - Schwartz) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MEMORANDUM OF LAW**

## I. INTRODUCTION

1. Plaintiff ROY TUCK, (hereinafter "TUCK") proceeding *In Pro Se*, in the above-entitled case hereby responds to defendant CAPITOL ONE BANK (USA) N.A. (hereinafter "COB"), Motion to Dismiss for Failure to State a Claim and Memorandum of Law,

**AND SO STATES**:

- You are either *pregnant*, or, *not pregnant*.

- COB either *violated numerous statutory Federal laws*, or, *they have not*.

- COB either *had express written permission to call plaintiff TUCK's cell phone* [more than fifty (50) times] or, *they did not*.

-1-

- COB either _continued on with their concerted effort to harass, annoy, embarrass and confuse the plaintiff_ over a more than four (4) year period of time (even after he sent numerous certified written demands months earlier to "cease and desist all collection activities and calls to his personal cellular phone) or, _they did not_.

- Plaintiff TUCK is now either _spinning a yarn in open Federal court_ in his above-entitled complaint, or, _plaintiff TUCK is pleading the complete truth in his filed complaint,_ proper_tly alleging_ COB _have violated several statutory federal laws_

- COB by and through their own pleadings being presently filed in this honorable court _are either desperately reaching for any way possible to dismiss this federal case_ in an attempt to conceal COB's national illegal debt collection activities or, _they are not_.

- I, ROY TUCK, plaintiff In Pro Se in the above-entitled case "_does not say this_", the United States Federal Government "_says this_" [Fully laid out in The Federal Rules of Civil Procedure] and further adjudicated and enforced by this District court.
_I am not making this stuff up_ .

2. On February 03, 2016 plaintiff TUCK filed a _prima facie_ verified complaint _with short simple plain statement of facts_ pursuant to Federal Civil Rule 8a _clearly stating the relief requested therein_, _properly alleging_ statutory violations of the Telephone Consumer Protection Act, the Fair Debt Collection Practices Act, The Fair Debt Reporting Act, and various state law counterparts.

3. On May 31, 2016, Defendant COB filed a Motion to Dismiss pursuant to Federal Civil Rules 12(b)(6) and 8(a) attempting to _misdirect the court by submitting off point pleadings with irrelevant, redundant, immaterial, or scandalous matter of facts into this case where none are pertinent_.

4. The honorable court should not tolerate utterly frivolous, irrelevant, and incredibly lengthy repetitive motions such as this recently filed by a party who _does not wish to have its client COB's illegal debt collection activities exposed in open court_.

5. Plaintiff TUCK would move this court herein and hereby state that the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair consumer debt collection practices by many debt collectors, and has determined that abusive debt collection practices directly contribute to the

1  number of personal bankruptcies, to marital instability, to the loss of jobs, and to
2  invasions of individual privacy. Congress wrote the Fair Debt Collection Practices
3  Act, 15 U.S.C. §1692 *et seq* (hereinafter "FDCPA") to eliminate abusive debt
4  collection practices by debt collectors, to insure that those debt collectors who
5  refrain from using abusive consumer debt collection practices are not competitively
6  disadvantaged, and to promote consistent State action to protect consumers against
7  debt collection abuses. (15 U.S.C. §1692(a)(e)).

8     **6.** The California legislature has determined that the banking and credit
9  system and grantors of credit to consumers are dependent upon the collection of
10 just and owing debts and that unfair or deceptive collection practices undermine the
11 public confidence that is essential to the continued functioning of the banking and
12 credit system and sound extensions of credit to consumers. The Legislature has
13 further determined that there is a need to ensure that debt collectors exercise this
14 responsibility with fairness, honesty and due regard for the debtor's rights and that
15 debt collectors must be prohibited from engaging in unfair or deceptive acts or
16 practices. (Cal. Civ. Code §1788.1(a) - (b)).

17    **7.** Plaintiff TUCK, brings this action to this court on her own behalf filing
18 In Pro Se, to challenge the illegal actions of the defendant COB with regard to
19 numerous multiple attempts by the defendant COB, a consumer debt collector, to
20 unlawfully and abusively collect a consumer debt allegedly owed by Plaintiff
21 TUCK, and this same unlawful abusive conduct caused the Plaintiff TUCK
22 emotional distress and credit worthiness damages.

23    **8.** For the purposes of this Petition, unless otherwise indicated,
24 "Defendant" includes all agents, employees, officers, members, directors, heirs,
25 successors, assigns, principals, trustees, sureties, sub's, representatives and
26 insurers of Defendant named in this caption.

27    **9.** Plaintiff TUCK strongly believes the Defendant COB's repetitive and
28 lengthy recital's of irrelevant federal code's are directly causing an undue

extra heavy burden for the Honorable Court to assign resources and time to adjudicate. Further miring or slowing down this court's legal process and attempting to confuse the plaintiff at the same time, causing him to give up.

## II   STATEMENT OF FACTS

10.  I, ROY TUCK hereby re-allege and restate all of the jurisdictional allegations and general factual allegations laid out and pled in her original Complaint for Damages and Injunctive Relief filed with this court on February 03, 2016, and incorporate all herein.

11.  I, ROY TUCK, am trying to avail myself of my legal rights using *the only remedy I can afford "In Pro Se" litigation*, by filing a complaint against a large conglomerate company in COB and their corporate attorney firm in open federal court. I am also attempting to use these same federal proceedings to protect myself, my family, my quality of life, my good credit, and my own personal well being against a company in COB that is still to this day currently incorporating illegal debt collection practices into their daily collection activities and reporting negative credit lines since March 28, 2013 on my credit files up until today's date.

12.  COB initiated a multi-month campaign to harass and annoy plaintiff TUCK starting in 2013 [all alleged in my original complaint] PRA staff/personnel called plaintiff TUCK's cell phone numbers 760-840-1806, 760-761-9722, 760-840-1809, and 760-840-1551 *some days calling multiple times in the same day, [many times calling before 8:00 am and after 9:00 pm at night] many of these times leaving strange confusing voice messages on her cell phone voice mail service, all calls placed by* COB *ended up costing him monies*.

13.  COB has also instructed their staff to place calls to all of plaintiff TUCK's aforementioned cell phone numbers and enter into long unwanted and unrequested conversations with him about his alleged consumer debt, all of these calls ended up costing him monies on his cell phone bill.

-4-

14. Plaintiff TUCK hereby alleges that COB staff went on to *completely ignore* plaintiff TUCK's numerous certified written requests over several months time to *investigate* and later *re-investigate* the alleged debt and also "cease and desist" all collection activities, including placed phone calls to the plaintiff's cell phone, COB *instead, continued on without resolve*.

15. Plaintiff TUCK has previously stated in his original Complaint that defendant COB's staff has called his cell phone numbers 760-840-1806, 760-761-9722, 760-840-1809 and 760-840-1551 more than fifty (50) times, *but in reality*, plaintiff TUCK believes and hereby alleges that the number of phone calls placed by COB staff to his personal cell phone *number to be more than one hundred (100) calls*. [The exact number of calls can be deduced during the Discovery phase of this trial].

16. Plaintiff TUCK alleges that COB's attorneys are desperately trying to protect their client COB from being fairly adjudicated in Federal court for COB's past and ongoing illegal activities by rejecting everything plaintiff TUCK has pled thus far as frivolous, and apparently rejecting everything across the board. *All the while* COB *can continue on today it's daily scams and extortionary activities on other unsuspecting bonded contractors and consumers of all sex's, races, and ages*.

17. Plaintiff TUCK also strongly believes and hereby alleges defendant COB's attorneys are *intentionally stalling* plaintiff TUCK's "*due process*" and further impeding his right to a speedy trial and his day in court by continuing to file *utterly frivolous, irrelevant, and incredibly lengthy repetitive motions* in an attempt to extend out these court proceedings long enough, to where he either gets frustrated and gives up, or, hope plaintiff TUCK is not experienced enough to plead his case properly and this case acquires a default judgement by this court.

18. Plaintiff TUCK would respectfully request of this court to allow his case to move forward to the Discovery and other phases so he can provide the honorable court with irrefutable clear cut (FDCPA), (FCRA) and (TCPA) evidence

1  [i.e. including cellular phone records, Credit Reporting Agency ("CRA") records,
2  written communications and more, thus being able to adequately prove and
3  adjudicate his case more fully and completely, eventually in front of a jury in
4  open court.
5      **19.** Plaintiff TUCK would respectfully request that the honorable court
6  construe his federal pleadings liberally and with an open mind, plaintiff TUCK has
7  put a lot of time and effort into researching, preparing and filing both his action in
8  federal court to the best of his abilities and with the resources he presently has
9  access to, I assure you I am an honest person.

## III.  CONCLUSION

Plaintiff TUCK has pled facts in his original Complaint sufficient to allow any court drawing on *"judicial experience and common sense"* to infer *"more than the mere possibility of misconduct"*, which easily satisfies his burden of pleading under the Federal laws and Civil procedures pursuant to (FDCPA), (FCRA) California Rosenthal and (TCPA) claims he presents to this court now. Plaintiff's claims should therefore survive dismissal by this court.

**WHEREFORE,** Plaintiff requests that this Honorable Court enter an order denying COB's Motion to Dismiss for Failure to State a Claim, instruct the attorneys for the Defendant COB, Hunter R. Eley to hereby stop filing frivolous motions forthwith, and in the alternative, if the Court determines plaintiff TUCK *has failed to state a claim properly or in a timely manner*, plaintiff TUCK asks this honorable Court *grant him time to amend.*

Respectfully submitted,

Dated this 7th day of June 2016    _/s/ Roy Tuck_

ROY TUCK, Plaintiff In Pro Se

## IV. VERIFICATION
## DECLARATION OF PLAINTIFF ROY TUCK

I, ROY TUCK declare as follows:

**20.** I am the In Pro Se Plaintiff in the above-entitled Ninth Circuit District case.

**21.** I am of age, sound mind and competent to testify to all of the facts based on first-hand knowledge of all of the aforementioned items so stated.

**22.** I have been damaged *financially, socially* and *emotionally* since March of 2013 as a direct result of defendant COB's unlawful actions and conduct including more than fifty (50) calls to my cellular phones.

**23.** I have read the foregoing pleadings in their entirety and believe all of the facts so stated therein to be both *true and correct*.

**24.** I declare under the penalty of perjury pursuant to the laws of California and the Courts of the United States, that the foregoing is true and correct to the best of my knowledge, information and belief.

**25.** Plaintiff TUCK demands judgement for damages against defendant COB for actual, statutory, and punitive damages, attorney's costs and fees pursuant to pursuant to California Civil Code Section (CFDCPA) §1788.30(b) and costs pursuant to California Civil Code Section (CFDCPA) §1788.33(c) together with such other and further relief as the Court may deem reasonable and just under the circumstances.

Dated this 7th day of June 2016

By: *Roy Tuck*

ROY TUCK, Plaintiff In Pro Se

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Case No. 3:16-CV-0293-MMA-MDD

Roy Tuck vs. Encore Capitol Group et al.,
Capitol One Bank (USA) N.A.
United States District Court Case No. 3:16-CV-0293-MMA-MDD

# CERTIFICATE OF SERVICE

I, RICHARD CARUSO, the undersigned declare under the penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served Portfolio Recovery Associates, LLC, the following documents:

- **PLAINTIFF ROY TUCK'S OPPOSITION AND RESPONSE TO DEFENDANT CAPITOL ONE BANK (USA) N.A. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MEMORANDUM OF POINTS AND AUTHORITIES**

By placing copies of the above-described documents filed with this court in a separate envelope, with postage fully pre-paid, for each address named below and deposited each in the U.S. mail.

*__Attorneys for Defendant, Capitol One Bank (USA) N.A.__*

**DOLL AMIR & ELEY LLP**
CONNIE Y. TCHENG (SBN 224321)
1888 Century Park East, Suite 1850
Los Angeles, CA 90067
Ph: (310) 557-9100

Executed on this 7TH day of June 2016 by _____
RICHARD CARUSO