UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY TUCK,<br><br>            Plaintiff,<br><br>   v.<br><br>ENCORE CAPITAL GROUP, a California corporation, *et al.*,<br><br>            Defendants. | Case No. 16-cv-293 DMS (MDD)<br><br>**ORDER (1) GRANTING MOTION TO FILE FIRST AMENDED COMPLAINT AND (2) DENYING WITHOUT PREJUDICE MOTIONS TO DISMISS** |

Pending before the Court is Plaintiff Roy Tuck's motion for leave to amend his Complaint. Plaintiff filed this motion in response to the motions to dismiss filed by Defendants HSBC Bank USA, N.A. ("HSBC") and Capital One N.A. ("Capital One"). Capital One filed a notice of non-opposition to Plaintiff's motion. HSBC, on the other hand, filed an opposition. For the following reasons, Plaintiff's motion for leave to file a First Amended Complaint ("FAC") is granted.

Plaintiff's initial Complaint alleges violations of the Telephone Consumer Protection Act ("TCPA", 47 U.S.C. § 227 *et seq.*), Fair Debt Collection Practices Act ("FDCPA", 15 U.S.C. § 1692 *et seq.*), Fair Credit Reporting Act ("FCRA", 15 U.S.C. § 1681 *et seq.*), and related California state claims against Defendants Encore Capital Group, Midland Credit Management, Inc., Midland Funding, LLC, HSBC,

Capital One, Verizon Wireless, and Experian Information Solutions, Inc. ("Experian").

Defendants Encore Capital Group, Midland Credit Management, Inc., and Midland Funding, LLC were dismissed from this action following the parties' joint motions. Thereafter, Verizon Wireless was dismissed on August 30, 2016, and Experian was dismissed on September 20, 2016. As noted, the motions to dismiss filed by Capital One and HSBC are pending, subject to the Court's ruling on Plaintiff's present motion for leave to amend. No doubt this unusual course of events is due in part to Plaintiff's *pro se* status. The record reveals, however, that Plaintiff is proceeding in a sensible fashion. Rather than oppose the motions to dismiss of Capital One and HSBC, it appears Plaintiff is attempting to streamline his claims in response to those motions and the dismissals of other Defendants.

Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been served, a party may amend its complaint only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires," and apply this policy with "extreme liberality." *Id.*; *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). However, leave to amend is not to be granted automatically. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)). Granting leave to amend rests in the sound discretion of the district court. *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996).

The Court considers five factors in assessing a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of the amendment, and (5) whether the plaintiff has previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The party opposing amendment bears the burden of showing any of the factors above. *See DCD Programs*, 833 F.2d at 186. Of these

factors, prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). However, absent prejudice, a strong showing of the other factors may support denying leave to amend. *See id.*

Here, HSBC opposes Plaintiff's motion solely on grounds of futility. The other four factors clearly weigh in favor of leave to amend. Plaintiff has proceeded in good faith, as it is evident he is attempting to streamline the pleadings to address arguments raised in the pending motions to dismiss. There is no undue delay. Plaintiff sought leave to amend within two weeks of the filing of HSBC's motion to dismiss. The weightiest of the five factors, prejudice, is not asserted by HSBC, nor does the record hint of any prejudice. And Plaintiff has not previously sought leave to amend.

In addition, Capital One does not oppose the request. With the filing of the FAC, Capital One (and HSBC) could quickly file renewed motions to dismiss based on arguments previously made. Many of the arguments advanced by Capital One and HSBC are the same or are closely related. If leave to amend were denied, the Court would have to address the arguments raised by Capital One in its motion to dismiss. Because many of HSBC's arguments regarding futility are the same as those raised in its motion to dismiss, the Court would be duplicating work and addressing virtually the same legal arguments in two settings. *See Cruzeta v. Sony Elecs., Inc.,* No. 12-dv-1430, 2014 WL 3888264, *8 (S.D. Cal. 2014) (stating the test for "futility" is "identical to the one applied when considering challenges under Rule 12(b)(6) for failure to state a claim upon which relief may be granted."). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment . . . that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

Though HSBC opposes leave to amend as futile, and its arguments may be meritorious, they are most sensibly addressed in one setting based on the newly-

1  framed allegations in the FAC.  Accordingly, Plaintiffs motion for leave to file the
2  FAC is granted.  The motions to dismiss the Complaint previously filed by Capital
3  One and HSBC, (Doc. Nos. 16 & 35), are denied as moot.  Defendants Capital One
4  and HSBC may file their responses to the FAC by October 20, 2016.
5      **IT IS SO ORDERED.**
6   Dated:  September 28, 2016
7
8      The Honorable Dana M. Sabraw
    United States District Court Judge
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28